UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, <br>     Plaintiff, <br><br> v. <br><br> CRESCENCIO GONZALEZ, <br> IRMA GONZALEZ, and FIRST NATIONWIDE MORTGAGE CORPORATION <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 12-cv-7775 <br> ) <br> ) <br> ) Judge Sharon Johnson Coleman <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") motion for summary judgment. The defendants' responses were due February 6, 2013 and none have been filed. For the following reasons, Deutsche Bank's motion is granted.

**Background**

On October 25, 2006, EquiFirst Corporation ("EquiFirst") lent Crescencio and Irma Gonzalez approximately $165,875.00. The Gonzalezes executed a note in favor of EquiFirst Corporation in exchange for this money, and agreed to pay a 7.250% yearly interest rate. The Gonzalezes also agreed to pay taxes, insurance, and any other escrow items that may apply. The Gonzalezes agreed to make monthly payments of $1,145.21 on the first day of every month beginning December 1, 2006. Mortgage Electronic Registration System ("MERS"), as nominee for EquiFirst, secured its interests in the Note by filing a Mortgage with the Kane County Recorder on November 2, 2006, covering the property described as: LOT 34 IN UNIT NO. 1 PARK MEADOWS, AURORA, IN THE CITY OF AURORA, KANE COUNTY, ILLINOIS. The property is more commonly known as: 874 Northfield Drive, Aurora, Illinois 60505.

On September 4, 2012, MERS, as Nominee for EquiFirst, assigned its Mortgage to the plaintiff Deutsche Bank. Deutsche Bank then received all of EquiFirst's interests in the Property pursuant to the Mortgage and Note.

1

From May 2012 through the present, the Gonzalezes have failed to make monthly payments. There remains an outstanding balance of $163,961.22 as of October 10, 2012, with interest accruing on the unpaid principal balance at $23.44 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default. Deutsche Bank filed this action for foreclosure on September 28, 2012. Deutsche Bank filed a motion for summary judgment on December 27, 2012. The Gonzalezes, have failed to file a response to the motion for summary judgment.

**Legal Standard**

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Typically, all inferences drawn from the facts must be construed in favor of the non-movant, but the court is not required to draw every conceivable inference from the record. Smith v. Hope School, 560 F.3d 694, 699 (7th Cir. 2009). Where the non-moving party has failed to respond to the motion for summary judgment, the Court departs from its usual posture of construing all facts in favor of the non-moving party; rather, the Court accepts as true all material facts contained in the moving party's statement of undisputed material facts. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994) (internal citations omitted). However, "even if the opposing party completely fails to respond to a summary judgment motion, . . . the court still must ascertain that judgment is proper 'as a matter of governing law.'" *Id*. at 1112.

**Discussion**

This suit is based on a contract, the interpretation of which is an issue of law to which summary judgment is well-suited if the terms are clear and unambiguous. *Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379-80 (7th Cir. 2009). Here, the Mortgage provides that the plaintiff is entitled to the repayment of the debt evidenced by the Note with interest, payment of "all other sums, with interest," and the defendants' performance of their covenants and agreements under the Mortgage and Note. The Note shows that the defendants promised to repay EquiFirst for the loan of $167,875.00 under the terms described above.

The defendants are in default on their Note and Mortgage, and as of October 10, 2012 the defendants owe a total of $165,936.82 with unpaid interests accruing at a rate of $23.44/day thereafter. In addition to establishing Deutsche Bank's entitlement to repayment of the debt, the

Mortgage also provides that, if the defendants breach the agreement, Deutsche Bank "may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding." The Mortgage also states that Plaintiff may recover its "expenses incurred in pursuing the remedies . . . including, but not limited to, reasonable attorney's fees and costs of title evidence."

The Court finds that the defendants have breached their agreement under the Note and Mortgage, and are in default. Deutsche Bank has exercised its right to require payment of the debt, as well as to recover its expenses and attorneys' fees. There is no dispute as to the evidence or the legal conclusions to be drawn therefrom. Accordingly, the Court finds that Deutsche Bank is entitled to summary judgment and an order of foreclosure.

**Conclusion**

Deutsche Bank's motion for summary judgment and order of foreclosure is granted. Deutsche Bank's motion to appoint a special commissioner is granted also.

IT IS SO ORDERED.

_____
Date: September 19, 2013

_____
Sharon Johnson Coleman
United States District Judge